# THE SUPREME COURT

### OF THE

# STATE OF NEVADA

### APRIL TERM, 1920

[No. 2433]

R. S. PAGE AND MARIE OLIVE PAGE, RESPONDENTS,
*v.* MARK WALSER AND FRANK MARGRAVE,
APPELLANTS.

[187 Pac. 509; 189 Pac. 675]

1. CLERKS OF COURTS — RELATIVE TO FEES, HELD THERE WAS NO
   "SPECIAL PROCEEDING" IN SUPREME COURT.
   Within Stats. 1917, c. 26, providing that when an appeal is
   taken to the supreme court, or when any special proceeding is
   brought therein, the party appealing or bringing such proceed-
   ing shall pay the clerk $25, which shall be in full for all the
   clerk's fees, there is no special proceeding, but only an appeal,
   though before the filing with the clerk of the transcript of
   the record on appeal from denial of change of venue, but
   within the thirty days from the perfecting of the appeal
   allowed by supreme court rule 2 for such filing, respondents
   under rule 23 gave and filed notice that they would call up
   the appeal for hearing.

After affirmance on appeal (43 Nev. 422), from a
ruling of the Clerk of the Supreme Court relative to
costs, respondents appeal. **Ruling reversed with direc-
tions.**

*Cheney, Downer, Price & Hawkins,* for Appellants.

*Hoyt, Norcross, Thatcher, Woodburn & Henley* and
*Sardis Summerfield,* for Respondents.

VOL. 44—1

By the Court, Coleman, C. J.:

This is an appeal from the ruling of the clerk relative to costs, pursuant to paragraph 3, rule 6, of this court. The facts out of which the controversy arose are these:

The appellants perfected an appeal from an adverse ruling of the district court on a motion for a change of venue. Under rule 2 of the court they had thirty days from the time the appeal was perfected in which to file with the clerk the transcript of the record on appeal. Rule 23 provides that appeals from orders denying a motion for a change of venue will be heard on notice. Prior to the filing by appellants of a transcript on appeal, and within thirty days from the date of perfecting the same, respondents gave notice that they would call up for hearing appellants' appeal from the order denying the motion for change of venue. When respondents sought to file notice of hearing, and other papers to be used upon the hearing, the clerk refused to file them except upon the payment of the fee required by law in special proceedings. Respondents paid the fee under protest, and the clerk filed the papers and gave the matter a number. Thereafter appellants filed their transcript on appeal and paid the usual fee, and the clerk docketed the case and gave it a different number from that given in the case pursuant to the notice to hear the appeal. The matter was thereafter heard and the order appealed from affirmed. The clerk refusing to return respondents' deposit on demand, this appeal is taken. Our statute provides:

"Whenever any appeal from the final judgment or any order of a district court shall be taken to the supreme court, or whenever any special proceeding by way of mandamus, certiorari, prohibition, quo warranto, habeas corpus, or otherwise, shall be brought in or to the supreme court, the party appealing or bringing such proceeding shall at or before the filing of the transcript on such appeal or petition in such special proceeding in the supreme court pay the clerk of the

supreme court the sum of twenty-five dollars lawful money of the United States, which such payment shall be in full of all fees of the clerk of the supreme court in such action or special proceeding. * * * " Stats. 1917, p. 30, c. 26.

Under the statute which we have quoted, the clerk can collect only one fee, and that must be paid primarily by the appealing party, and ultimately by the losing party, unless the court in reversing a judgment enters. an order to the contrary. Dixon v. S. P. Co., 42 Nev. 73, 179 Pac. 382.

The clerk based his ruling upon the contention that the action taken by respondents to expedite the hearing upon the appeal taken from the order denying the motion for a change of venue was a special proceeding. While we think the clerk was justified, as a precautionary step, in adopting the course pursued by him, we are of the opinion that the proceeding invoked by respondents was not a special proceeding in the sense contemplated by the statute. The motion to hear the appeal was in the main case. The appeal having been perfected, the lower court had lost jurisdiction of the case, and this court had acquired jurisdiction thereof, and it was the particular case which respondents sought to have heard, as they had a right to do. They did not seek to bring some independent matter to the attention of the court, but merely sought a speedy disposition of the main case which had been appealed. This would be conceded had the course adopted been resorted to after instead of before the filing of the transcript and docketing of the appeal by appellants. The mere fact that the respondents made the move which they did prior to the docketing of the appeal by the appellants did not change the situation or the nature of the proceeding.

The ruling of the clerk appealed from is reversed, and he is directed to refund the fee paid by. the respondents.